**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7                               UNITED STATES DISTRICT COURT

8                              NORTHERN DISTRICT OF CALIFORNIA

9

DEREK E. TURNER,                                    No. C 09-00683 MHP

10

                    Plaintiff(s),

11                                                  **MEMORANDUM & ORDER**

     v.

12                                                  **Re: Plaintiff's Motion for Leave to Amend**
                                                    **Complaint**
     KRIS LAFOND, MEG PLANKA, and Does 1

13   through 20,

14                   Defendant(s).
                                                 /

15

16        On February 17, 2009, plaintiff Derek Turner ("Turner") filed this action against defendants,

17   Officer Kris Lafond ("Lafond") and Sergeant Margaret Planka ("Planka"), both of the California

18   Highway Patrol ("CHP").  Turner alleges that while he was on the Golden Gate Bridge, defendants

19   forcibly seized a sign he was holding which expressed disapproval of Chinese human rights

20   violations in Darfur.  Turner claims that defendants' conduct violated his rights under the United

21   States Constitution, the California Constitution, and various California statutory and common law

22   provisions.  In the instant motion, Turner seeks to amend his complaint to add Mari Toban Blome

23   ("Blome") as a plaintiff, to add J.A. Farrow, the Commissioner of the California Highway Patrol

24   ("the Commissioner"), and the Golden Gate Bridge Highway and Transportation District ("the

25   Bridge District") as defendants and to add a new claim for injunctive relief.  Having considered the

26   arguments and submissions of the parties, the court enters the following memorandum and order.

27

28

United States District Court

For the Northern District of California

1    BACKGROUND

2         Turner alleges that on April 9, 2008, he was standing on a public sidewalk near the Golden

3    Gate Bridge.  Docket No. 20 (Nazer Dec.), Exh. A (First Am. Compl.) ¶ 41.  He was attempting to

4    express a political message as the Olympic Torch Relay passed through San Francisco.  Id. ¶ 42.  He

5    was wearing a T-shirt with the message "SAVE DARFUR" and carrying a sign stating "China:

6    Extinguish the flames of genocide in Darfur."  Id. ¶¶ 41-42.  After Turner had been standing on the

7    sidewalk for a short period of time, a group of at least five CHP officers, including defendants

8    Lafond and Planka approached him and told him that he needed a permit to hold a sign.  Id. ¶¶ 44-

9    46.  Turner replied that he did not need a permit.  Id. ¶ 46.  Lafond, Planka and other officers then

10   surrounded Turner and seized his sign by force, injuring Turner's wrist in the process.  Id. ¶¶ 46-47.

11        The officers were enforcing the policies and rules of the Bridge District.  At the time, the

12   Bridge District had an ordinance providing that "No person shall conduct or participate in

13   assemblies, or demonstrations, or distribute written pamphlets or other materials without a permit . .

14   . [on] the sidewalks leading to the Gift Shop [or] the pedestrian or bicycle walkways on the Bridge."

15   Id. ¶ 17.  It was the unwritten but consistent practice of the Bridge District and the California

16   Highway Patrol to issue only one permit per calendar day for expressive conduct on or around the

17   Golden Gate Bridge.  Id. ¶ 21.  It was also the practice of the Bridge District and the CHP to prohibit

18   the carrying of any signs with handles on or around the Golden Gate Bridge.  Id.

19        On February 27, 2009 this ordinance was amended.  Id. ¶ 22.  The amended ordinance

20   continued to require a permit for expressive activity on or near the Golden Gate Bridge and officially

21   codified the practice of issuing only one permit per calendar day.  Id. ¶ 23.  The new amendments

22   also prohibited the use of 50 or more signs in a permitted protest, and instituted a six-month ban on

23   expressive activity for persons violating the ordinance.  Id. ¶¶ 27-28.

24        Blome was not named as a plaintiff in the original complaint.  See Docket No. 1 (Complaint).

25   According to the proposed first amended complaint, Blome is a resident of California and regularly

26   visits the Golden Gate Bridge to express anti-war messages.  First Am. Compl. ¶ 30.  She regularly

27   applies to the Bridge District for permits to engage in expressive conduct.  Id. ¶ 32.

28

2

United States District Court

For the Northern District of California

1    On September 21, 2006, Blome joined an expressive march of fewer than 50 persons on the

2   Bridge sidewalk. Id. ¶ 36.  During this march, a Bridge District officer forcibly removed a small

3   patch of cloth, labeled with a single letter, that was pinned to Blome's clothing. Id.  The CHP

4   officer confiscated this patch of cloth as a "sign." Id.  The officer was enforcing the pre-amendment

5   version of the Bridge District's expressive activity ordinance.

6    During an expressive gathering at the Bridge in early 2008, a law enforcement officer forced

7   Blome to remove a small handle from a sign she was carrying. Id. ¶ 37.  Blome had to snap the

8   handle from the sign, which made the sign much more difficult to carry. Id.

9    On June 7, 2009, Blome was walking along the Golden Gate Bridge sidewalk with one other

10  person while holding a hand made peace sign constructed from an ordinary hula hoop with small

11  flowers around its edge. Id. ¶ 38.  A CHP officer passed by in a patrol car and ordered Blome

12  through a loudspeaker to put down the sign. Id.  Soon afterwards, the officer pulled over his vehicle

13  and confiscated the sign. Id.  Shortly after this incident, Blome applied to the Bridge District for a

14  permit for expressive activity to be conducted on June 12, 2009. Id. ¶ 39.  The Bridge District

15  denied the permit and informed Blome that she was denied because she had come to the Bridge

16  without a permit on June 7, 2009. Id.

17

18  LEGAL STANDARD

19    A party may amend a pleading once as a matter of course and thereafter only by consent of

20  the opposing party or by leave of the court. Fed. R. Civ. P. 15(a)(2).  Leave should be freely given

21  when justice so requires. Fed. R. Civ. P. 15(a)(2).  In determining whether to grant leave to amend,

22  the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party;

23  (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint.

24  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).  Not all of the factors merit equal

25  consideration; prejudice is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest

26  weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); Owens v.

27  Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).  The Ninth Circuit has construed

28  Rule 15(a) broadly, requiring that leave to amend be granted with "extraordinary liberality."

3

1  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Poling v. Morgan,

2  829 F.2d 882, 886 (9th Cir. 1987).

3

4  DISCUSSION

5       Plaintiff moves to amend the original complaint to (1) add Blome as a plaintiff, (2) add

6  California Highway Patrol Commissioner J.A. Farrow ("the Commissioner" ) in his official capacity

7  and the Bridge District as defendants and (3) add a new claim for injunctive relief against the

8  Commissioner.  See First Am. Compl.  Defendants oppose plaintiff's motion for leave to amend on

9  grounds that (1) the joinder of Blome will unduly prejudice the defendants (2) the addition of the

10  Commissioner as a defendant is futile because plaintiff's claims for relief against the Commissioner

11  are barred by the Eleventh Amendment and (3) Turner does not have standing for the newly added

12  eleventh claim requesting injunctive relief.

13  I.       Addition of Blome as Plaintiff

14       Defendants first oppose plaintiff's motion to amend on the ground that Turner and Blome's

15  allegations are so disparate that adding Blome as a plaintiff would unduly prejudice defendants.

16  Essentially, defendants argue that joinder of Blome is improper under Federal Rule of Civil

17  Procedure 20(a).

18       Rule 20(a) governs the permissive joinder of parties.  It states that persons may be joined in

19  one action as plaintiffs if (1) a right to relief is asserted by each plaintiff relating to or arising out of

20  the same transaction, occurrence or series of transactions or occurrences and (2) some question of

21  law or fact common to the parties will arise in the action.  Fed. R. Civ. P. 20(a).  Generally, this rule

22  "is to be construed liberally in order to promote trial convenience and to expedite the final

23  determination of disputes, thereby preventing multiple lawsuits."  League to Save Lake Tahoe v.

24  Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).  "Under the Rules, the impulse is

25  toward entertaining the broadest possible scope of action consistent with fairness to the parties;

26  joinder of claims, parties and remedies is strongly encouraged."  United Mine Workers of Am. v.

27  Gibbs, 383 U.S. 715, 724 (1966).

28

United States District Court
For the Northern District of California

4

United States District Court

For the Northern District of California

1    Claims arise out of the "same transaction or occurrence" if they share similar factual

2  backgrounds.  Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).  Claims possess sufficient

3  factual similarity if they "arise out of a systematic pattern of events."  Bautista v. Los Angeles

4  County, 216 F.3d 837, 842-43 (9th Cir. 2000) (quoting Coughlin, 130 F.3d at 1350).  Typically this

5  requirement will be met where plaintiffs collectively challenge a widely-held practice or policy.  See

6  U.S. ex rel. Anthony v. Burke Eng'g, 356 F. Supp. 2d 1119, 1120 (C.D. Cal. 2005) ("Allegations of

7  a system of decision making, or widely-held policy of discrimination, constitute a single transaction

8  for Rule 20(a) purposes") (quoting Hawkins v. Groot Indus., Inc., 210 F.R.D. 226, 230 (N.D. Ill.

9  2002)); see also Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333-34 (8th Cir. 1974) (holding that

10 a "company-wide policy purportedly designed to discriminate against blacks in employment" arises

11 out of the same series of transactions or occurrences).

12    The second prong of the test requires that claims share a common question of law or fact.  Id.

13 The fact that plaintiffs' claims arise under the same general law does not necessarily satisfy this

14 prong.  Id. at 1351.

15    Although Turner and Blome's claims arise out of disparate factual circumstances, the

16 primary thrust of their allegations is identical: the Bridge District's policies requiring a permit before

17 an individual may express themselves and granting only one such permit per day violate the First

18 Amendment of the United States Constitution.  See First Am. Compl. ¶ 57-58.  Accordingly, their

19 claims arise out of the same transaction or occurrence—the same "widely-held" policy—and share a

20 common question of law—does the Bridge District's ordinance violate the First Amendment.

21 Therefore, joinder of Blome is proper under Rule 20(a) and leave to amend the complaint in this

22 regard is granted.

23 II.    Addition of the Commissioner as Defendant

24    Defendants oppose plaintiffs' motion to amend the complaint to add the Commissioner as a

25 defendant on grounds that claims against the Commissioner in his official capacity are barred by the

26 Eleventh Amendment.

27    Futility of amendment, by itself, can justify the denial of a motion to amend.  Bonin v.

28 Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Generally, a proposed amendment is futile only if no set

1 | of facts can be proven under the amendment that would constitute a valid and sufficient claim or

2 | defense. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Therefore, the court must

3 | determine if the amended complaint would be subject to dismissal for failure to state a claim. See

4 | Fed. R. Civ. P. 12(b)(6); Miller, 845 F.2d at 214.

5 | Generally, the Eleventh Amendment prohibits an individual from suing a state or a state

6 | official acting in his or her official capacity for damages. U.S. Const., amend XI; see Pennhurst

7 | State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Will v. Mich. Dep't of State Police, 491

8 | U.S. 58, 71 (1989). The Eleventh Amendment does not, however, "bar a federal court action

9 | seeking prospective injunctive relief under federal law, even if the action [is] brought against the

10 | state or its officials acting in their official capacity." Pena v. Gardner, 976 F.2d 469, 473 n.5 (9th

11 | Cir. 1992). This exception to the Eleventh Amendment for injunctive relief is limited to claims

12 | asserting federal rights; the Eleventh Amendment provides an absolute bar to suits against the state

13 | brought under state law, whether they seek damages or injunctive relief. Pennhurst, 465 U.S. at 106.

14 | The Commissioner is named as a defendant in only four of the eleven counts in the

15 | complaint: Count I for violation of plaintiffs' free speech rights under the First and Fourteenth

16 | Amendments of the United States Constitution; Count II for violation of plaintiffs rights to freedom

17 | of speech under Article 1, section 2 of the California Constitution; Count X for declaratory relief;

18 | and Count XI for injunctive relief. Plaintiffs concede that Count II, which asserts only claims under

19 | California law, is precluded by the Eleventh Amendment. Docket No. 23 (Reply) at 5. Plaintiffs

20 | seek leave of the court to file a Corrected First Amended Complaint to remedy this oversight. The

21 | court grants this request.

22 | With that concession in hand, the addition of the Commissioner as a defendant presents no

23 | Eleventh Amendment problems. Even though he is being sued in his official capacity, plaintiffs

24 | seek only prospective relief based on asserted federal constitutional rights in the first, tenth and

25

26

27

28

United States District Court
For the Northern District of California

1   eleven causes of action.  Accordingly, plaintiffs' motion is also granted to add the Commissioner

2   as a party.   III.        Addition of New Claim

3         Defendants contend that Turner has not sufficiently shown that he has standing to bring the

4   newly added eleventh claim for injunctive relief.  Plaintiffs concede that Turner was inadvertently

5   added as a plaintiff in the eleventh claim and seek leave to remove him from that cause of action in a

6   Corrected First Amended Complaint.  Reply at 6.  The court also grants this request.  With Blome as

7   the only plaintiff seeking injunctive relief, the court does not see (and defendants do not present) any

8   additional reasons why the amendment to add the eleventh claim should be denied.

9

10  CONCLUSION

11        Plaintiffs' motion for leave to amend is GRANTED to permit the addition of Mari Toban

12  Blome as plaintiff, the addition of the Commissioner and the Bridge District as defendants, and the

13  addition of the eleventh claim for injunctive relief by plaintiff Blome.  The court also GRANTS the

14  plaintiffs' request to file a Corrected First Amended Complaint to remove the Commissioner as a

15  defendant in the second cause of action and to clarify that the eleventh claim for relief is brought

16  solely by Blome.

17

18        IT IS SO ORDERED.

19

20

21
    Dated: 10/19/09

22                                            MARILYN HALL PATEL
                                              United States District Court Judge
23                                            Northern District of California

24

25

26

27

28

7

United States District Court
For the Northern District of California